1

2

3

4

5

6

7

## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

8

9

THURSTON MYERS,

No.

10

Plaintiff,

COMPLAINT

11

v.

*With Jury Demand*

12

SERGEANT THOMAS J. BROOKS and JANE DOE BROOKS and the marital community comprised thereof; DETECTIVE SERGEANT JEFFREY MASON and JANE DOE MASON and the marital community comprised thereof; DETECTIVE COREY WILLIAMS and JANE DOE WILLIAMS and the marital community comprised thereof; JOHN & JANE DOES 1- 34; POLICE CHIEF STEVEN JENSEN and JANE DOE JENSEN and the marital community comprised thereof; and the CITY OF LYNWOOD, a municipal corporation,

13

14

15

16

17

18

19

Defendants.

20

21

COMES NOW the plaintiff, Thurston Myers, through his attorneys of record, Kannin

22

Law Firm P.S., and hereby presents the following claims:

23

### JURISDICTION

24

1.

25

COMPLAINT - Page 1

26

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
T. (206) 574-0202
F. (206) 574-0101

1    Jurisdiction is founded upon the existence of a federal question.

2                                        2.

3    This is an action to redress the deprivation under color of statute, ordinance, regulation,

4    custom or usage of rights, privileges, and immunities secured to the plaintiff by the Fourth,

5    Eighth, and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983).

6                                        3.

7    Jurisdiction is founded upon 28 U.S.C. § 1331 and § 1343(3) and (4).

8

9                                        4.

10   Venue is proper in the United States District Court of the Western District of Washington

11   because the acts or omissions which for the basis of the Plaintiff's claims occurred in Snohomish

12   County, Washington and the defendants are believed to reside in Washington State

13

14                                       5.

15   At all times relevant to this complaint, Plaintiff was an individual residing in Snohomish

16   County, Washington.

                                         6.
17
     Plaintiff sues defendants BROOKS, MASON, AND WILLIAMS and JOHN/JANE DOE
18
19   1 – 34, in their individual and official capacities.

20                                       7.

21   At all times referred to herein, Defendant THOMAS J. BROOKS was a City of

22   Lynwood, Washington Police Officer #492, employed by the City of Lynnwood and assigned to

23   the South Snohomish County Drug Task Force.

24                                       8.

25   At all times referred to herein, Defendant JEFFREY MASON was a City of Lynwood,
26
     COMPLAINT - Page 2

Washington Detective Sergeant #1305, employed by the City of Lynnwood and assigned to the South Snohomish County Drug Task Force;

9.

At all times referred to herein, Defendants JEFFREY MASON was a City of Lynwood, Washington Detective Sergeant #1305, employed by the City of Lynnwood and assigned to the South Snohomish County Drug Task Force;

10.

At all times referred to herein, Defendants JOHN & JANE DOES 1 – 34  are believed to be police officers of  City of Lynwood, employed by the City of Lynnwood,  and/or other police agencies employed by other municipal corporations or government agencies, all of whom were assigned to the South Snohomish County Drug Task Force, along with  other individuals employed by the City of Lynnwood who appeared at the Plaintiff's home to carry out the Plaintiff's arrest and seizure of Plaintiff's property described herein.

11.

At all times referred to herein, Defendant STEVEN JENSEN, City of Lynnwood Police Chief, was employed by City of Lynnwood and its Police Department as the chief of police of the City of Lynnwood, and is believed to have been the supervising and commanding officer of Defendants BROOKS, MASON, and WILLIAMS and some of the JOHN/JANE DOES.

12.

Defendant CITY OF LYNNWOOD is a municipal corporation and local government conducting its operations within the State of Washington in Snohomish County.

**FACTS**

13.

COMPLAINT - Page 3

1  In July 2015, Plaintiff Thurston Myers lived in Lynnwood, Washington at 7514 204th

2  Street Southwest (SW).

3  14.

4  On his property at 7514 204th Street SW Mr. Myers had two large metal shipping

5  containers that he had purchased and converted into storage buildings.  Each of the container

6  buildings had electrical wiring systems installed that connected the container buildings to the

7  local electrical power grid in the City of Lynnwood, Washington. Additionally, Myers installed

8  heating, ventilation, and air conditioning (HVAC) systems, an air purification system, and light

9  emitting diode (LED) lighting systems in each of the container buildings

10  15.

11  Plaintiff Myers used the container buildings for storage.  Plaintiff Myers kept tools,

12  appliances, lights, air filtration equipment, documents, gardening supplies/chemicals, and

13  marijuana plants inside of the container buildings.

14  16.

15  On or about July 22, 2015, defendant Brooks, Mason and Williams appeared at plaintiff

16  Myers' home at 7514 204th Street Southwest (SW) in Lynnwood, Washington along with

17  approximately thirty-four (34) other police officers/law enforcement personnel and City of

18  Lynwood employees (Defendant John Does s 1 – 34). The defendants presented a search warrant

19  document to the plaintiff, informed plaintiff Myers that they were there to confiscate his

20  property. The defendants seized plaintiff Myers' storage buildings and all the contents within

21  them. The defendants arrested plaintiff Myers and took him to jail.

22  17.

23  To take the Plaintiff's storage buildings away the Defendants first emptied them of all the

24  plaintiff's property that was inside of the buildings. Next the defendants loaded plaintiff's

25  moveable property into trucks. The defendants had to disconnect the buildings from the City's

26  COMPLAINT - Page 4

1   electrical power grid, and disconnect the heating, ventilation and air conditioning (HVAC)

2   systems. Parts of the HVAC system were located outside the container buildings on a concrete

3   pad. These large HVAC appliances were seized along with the contents inside each container

4   building. After disconnecting each of the container buildings' HVAC systems the defendants

5   loaded this property into trucks.  Additionally, there were numerous   large stainless steel tied

6   down points embedded in concrete that secured the storage container building to the concrete

7   foundation in plaintiff's yard upon which the container building was built.  The defendants

8   cut/broke loose the ties down points thus allowing them to move the container buildings. The

9   defendants used cranes to lift the container buildings off their foundation, loaded the container

10   buildings onto trucks and took plaintiff's container buildings away.

11                                                    18.

12

13          The defendants caused Plaintiff Myers to be booked into the Snohomish County jail.

14   Myers was eventually released after posting bail.  A criminal case was started against the

15   plaintiff in the Snohomish County Superior Court alleging the plaintiff was unlawfully

16   manufacturing marijuana. This criminal against Plaintiff Myers was dismissed on or about

17   January 17, 2018.

18                                                    19.

19          On July 22, 2015 it was the policy practice and custom of the City of Lynnwood to seize

20   the property of those individuals residing within its city limits who were growing and or

21   maintaining marijuana in what was known as a collective garden and it was the City's policy

22   practice and custom to ratify the conduct of its employees who carried out such seizures.

23   Plaintiff alleges this home activity occurring at his home, his collective marijuana garden, was

24   not illegal in the State of Washington and that the Washington State legislature enacted

25   legislation that allowed plaintiff to grow a marijuana collective garden in the City of Lynnwood,

26   COMPLAINT - Page 5

1   Snohomish County, Washington.

2                                          20.

3

4       On July 22, 2015, Defendant STEVEN JENSEN, City of Lynnwood Police Chief, was

5   employed by City of Lynnwood and its Police Department as the chief of police of the City of

6   Lynnwood, and is believed to have been the supervising and commanding officer of Defendants

7   BROOKS, MASON, and WILLIAMS and some of the JOHN/JANE DOES. Defendant JENSEN

8   was the City of Lynnwood employee responsible for ensuring defendants BROOKS, MASON,

9   and WILLIAMS and the JOHN/JANE DOES who worked for the City of Lynnwood, were

10  adequately and lawfully trained and supervised when carrying out their duties on behalf of the

11  Defendant CITY OF LYNNWOOD.

12

13

14                                         21.

15      As the Chief of the City of Lynnwood police department and as the Chief officer

16  Defendant JENSEN was the supervising and commanding officer of Defendants BRIAN

17  HEIMANN, BILL FOSTER, PETER TURNER, and MARTIN ZURFLUH. Defendant PAUL

18  PASTOR was County of Pierce employee responsible for training and supervising the

19  Defendants BROOKS, MASON, and WILLIAMS and the JOHN/JANE DOES who worked for

20  the City of Lynnwood, and the City of Lynnwood employee responsible for ensuring defendants

21  BROOKS, MASON, and WILLIAMS and the JOHN/JANE DOES who worked for the City of

22  Lynnwood were adequately and lawfully trained and supervised when carrying out their duties

23  on behalf of the Defendant CITY OF LYNNWOOD.

24                                         22.

25      COMPLAINT - Page 6

26

1    Defendant JENSEN is believed to be defendant CITY OF LYNNWOOD's chief policy

2    maker regarding implementing the City of Lynnwood's Police Department and the City's use of

3    its police force and its arrest powers to enact its policies, practices and customs.  Defendant

4    JENSEN along with other unknown policy makers are further believed to be defendant City of

5    Lynnwood's representatives who ultimately approved, and/or ratified the other Defendants' use

6    of police force to seize Plaintiff MYERS and his property.

7                                                23.

8    The Defendants have not returned Plaintiff MYERS' property. Plaintiff MYERS expects

9    to incur additional expenses and suffer future damages to recover and restore his property to the

10   condition it was before the Defendants' unlawful seizure.

11                                               24.

12    The Defendants caused Plaintiff Evans to suffer lost wages and income as a direct and

13   proximate result of the injuries and harms they caused him to suffer.  The Defendants' acts and

14   failures to act caused Plaintiff Myers  to suffer damages in an amount to be proven at trial.

15                                               25.

16    As a direct and proximate result of the said acts of the Defendants caused the Plaintiff

17   THURSTON MYERS to  suffer the following injuries and damages:

18    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to

19   the United States Constitution to be free from an unreasonable search and seizure of his person

20   and his property;

21    b. Violation of his constitutional rights under the Eighth and Fourteenth Amendments to

22   the United States Constitution to be free from cruel and unusual punishment;

23    c. Economic and non-economic damages incurred and expected to be incurred, in an

COMPLAINT - Page 7

1    amount to be established at trial.

2

3    **FIRST CLAIM:  UNDER 42 U.S.C § 1983 AGAINST DEFENDANTS THOMAS J.
     BROOKS, JEFFREY MASON, AND COREY WILLIAMS & JOHN/JANE DOE
     DEFENDANTS 1- 34 IN THEIR INDIVIDUAL CAPACITIES
     (ILLEGAL PROPERTY SEIZURE)**

4

5                                            26.

6           Plaintiff re-alleges paragraphs 1 through 25 above.

7                                            27.

8    42 U.S.C. § 1983 provides in part:

9           Every person who, under color of any statute, ordinance, regulation, custom, or usage of

10   any State or Territory subjects, or causes to be subjected, any person of the United States or other

11   person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

12   secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at

13   equity or other proper proceeding for redress.

14

15                                           28.

16          Plaintiff Myers had a firmly established right under the Fourth Amendment forbidding

17   unlawful and unreasonable seizure of his personal and real property and granting him the rights

18   to be free from the government's use of force to take his property and to cause plaintiff to suffer

19   harms caused by the defendants' seizure of plaintiff's property.

20                                           22.

21          Defendants breached the aforementioned duty to refrain from depriving plaintiff of his

22   constitutional rights by appearing at plaintiff Myers' home on July 22, 2015, entering his home,

23   seizing his   property and taking it away which constituted a violation of plaintiff's clearly-

24   established rights under the Fourth and Fourteenth Amendments to the Constitution of the United

25   COMPLAINT - Page 8

26

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
T. (206) 574-0202
F. (206) 574-0101

1  States, forbidding unlawful and unreasonable seizure of a citizen's property, here plaintiff's

2  container buildings in his backyard and all of the contents within his container buildings and

3  connected to the buildings.

4

5                                              29.

6          Defendants were, at all times material herein, performing their duties as employees for

7  Defendant City of Lynnwood.

8                                              30.

9          Plaintiff was subjected to loss of his property, physical frustration, mental anguish, loss

10 of enjoyment of life, and fear by the illegal acts of defendants and claims damages, attorney fees,

11 and punitive damages for the injuries set forth herein under 42 U.S.C. § 1983 against Defendants

12 BROOKS, MASON, WILLIAMS, JENSEN and JOHN/JANE DOES 1- 34 for violation of his

13 constitutional rights under color of law.

14                                             31.

15         At the time they breached their duties to plaintiff,  the defendants THOMAS BROOKS,

16 JEFFREY MASON, and COREY WILLIAMS and JOHN/JANE DOES 1- 34 acted under color

17 of law and were employed by Defendant City of Lynnwood.

18                                             32.

19         Plaintiff Evans claims damages for the injuries and harms set forth above under 42

20 U.S.C. § 1983 against Defendants BROOKS, MASON, WILLIAMS AND JOHN/JANE DOES

21 1- 34  for violation of his constitutional rights under color of law in an amount to be proven at

22 trial.

23                                             33.

24         The Defendants' conduct was knowing, intentional, reckless and malicious, by reason of

25 which Plaintiff is entitled to punitive damages.

26 COMPLAINT - Page 9

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
T. (206) 574-0202
F. (206) 574-0101

1

2

3

**SECOND CLAIM UNDER 42 U.S.C § 1983 AGAINST DEFENDANTS AGAINST DEFENDANTS THOMAS J. BROOKS, JEFFREY MASON, AND COREY WILLIAMS & JOHN/JANE DOE DEFENDANTS 1- 34 FOR VIOLATION OF PLAINTIFF'S 4th AND 14th AMENDMENT RIGHTS (ARREST WITHOUT PROBABLE CAUSE)**

4

5

6

34.

7

Plaintiff re-alleges paragraphs 1 through 33 above.

8

35.

9

42 U.S.C. § 1983 provides in part:

10

11

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

12

13

36.

14

Plaintiff Myers had firmly established rights under the Fourth Amendment forbidding

15

unlawful and unreasonable seizure of his person granting him the rights to be free from being

16

arrested without probable cause that he committed a crime as well as an established right to be

17

free from an unlawful arrest and/or or seizure of his person.

18

19

37.

20

At all times material herein, Defendants BROOKS, MASON, WILLIAMS, and

21

JOHN/JANE DOES 1- 34 acting under color of state law, had a duty to refrain from depriving

22

plaintiff Myers of his constitutional rights. Defendants BROOKS, MASON, WILLIAMS and

23

JOHN/JANE DOES 1- 34 breached the aforementioned statute and breached their legal duties to

24

refrain from depriving plaintiff of his constitutional rights by illegally arresting Mr. Myers

25

COMPLAINT - Page 10

26

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
T. (206) 574-0202
F. (206) 574-0101

1  without a warrant and/or without probable cause, on July 22, 2015, which constituted a violation

2  of plaintiff's clearly-established rights under the Fourth and Fourteenth Amendments to the

3  Constitution of the United States, forbidding unlawful and unreasonable seizures.

4                                          38.

5          At the time they breached their duties to Plaintiff, the Defendants acted under color of

6  law.

7                                          39.

8          Defendants' acts and failures to act caused plaintiff to suffer harms, losses,  humiliation,

9  and fear as a direct and proximate result of the Defendants' acts and failures to act and hereby

10  claims damages for the injuries set forth herein under 42 U.S.C. § 1983 against Defendants

11  THOMAS BROOKS, JEFFREY MASON, COREY WILLIAMS and JOHN/JANE DOES 1- 34

12  for violation of his constitutional rights under color of law, in amount to be proven at trial.

13

14                                          40.

15          The Defendants' conduct was knowing, intentional, reckless, and/or malicious, by reason

16  of which Plaintiff is entitled to punitive damages.

17

18  **THIRD CLAIM: UNDER 42 U.S.C § 1983 AGAINST THE MUNICIPAL**
**CORPORATION CITY OF LYNNWOOD & POLICE CHIEF STEVEN JENSEN IN HIS**
19  **OFFICIAL CAPACITY AS SUPERVISOR AND POLICY MAKER AND JOHN/JANE**
**DOE MUNICPAL POLICY MAKERS FOR VIOLATION OF PLAINTIFF'S FOURTH,**
20  **EIGHTH AND FOURTEENTH AMENDMENT RIGHTS**
**UNCONSTITUTIONAL POLICY PRACTICE OR CUSTOM**
21

22  **(PROPERTY SEIZURE WITHOUT PROBALBE CAUSE - ARREST WITHOUT**
**PROBABLE CAUSE - CRUEL & UNUSUAL PUNISHMENT – SEIZED PROPERTY**
23  **NEVER RETURNED AFTER CRIMINAL CASE DISMISSED)**

24                                          41.

25      COMPLAINT - Page 11

26

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
T. (206) 574-0202
F. (206) 574-0101

1    Plaintiff realleges paragraphs 1 through 40 above.

2    42.

3    Prior to JULY 22, 2015, Defendant MUNICIPAL CORPORATION CITY OF

4    LYNWOOD, developed and maintained policies, practices, or customs, by and through

5    Defendant STEVEN JENSEN, its Police Department's chief supervisor and policy maker and

6    other JOHN DOE/JANE DOE municipal policymakers, whose identities are presently unknown,

7    all exhibiting deliberate indifference to the constitutional rights of persons in the City of

8    Lynnwood, which caused the violation of plaintiff Myers' rights

9    43.

10    At the time of the incident involving plaintiff Myers it is believed that it was the policy,

11    practice, or custom of CITY OF LYNNWOOD to fail to ensure its employees did not unlawfully

12    arrest people at liberty involved with the collective gardening of marijuana, and further did not

13    have adequate screening of employees or adequate training, or supervision of its employees after

14    they were hired so that they knew about collective gardening of marijuana and what laws applied

15    to it.  City of Lynnwood did not require appropriate in-service training or retraining of officers

16    and employees who violated the plaintiff's rights.  City of Lynnwood did not require appropriate

17    in-service training or retraining of officers and employees who were known to have engaged in

18    Constitutional misconduct. City of Lynnwood did not discipline its officers and employees who

19    knew or reasonably should have known to have engaged in Constitutional misconduct. Upon

20    information and belief, the defendant City of Lynnwood knew or should have known of the

21    propensities of Defendants THOMAS BROOKS, JEFFREY MASON, and COREY WILLIAMS

22    and other JOHN/JANE DOE employees who participated in the unlawful seizure of the Plaintiff

23    and his property, whose identities are presently unknown, and further, took no steps to train

24    them, correct their abuse of authority, or discourage their unlawful use of authority.

25

COMPLAINT - Page 12

26

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
T. (206) 574-0202
F. (206) 574-0101

1

44

2  Because of the above described policies, practices, and customs, police officers and

3  employees of City of Lynnwood, including the defendant officers, believed that their actions or

4  inactions would not be properly monitored by supervisory authority and that the Defendants'

5  misconduct would not be investigated or sanctioned but would be tolerated and/or ratified by

6  Defendant Chief Jensen, other Doe supervisory and policy makers, and/or the City of Lynnwood.

7

45.

8  The above described policies, practices, and customs of City of Lynnwood demonstrated

9  indifference to the constitutional rights of persons within City of Lynnwood and were a cause of

10  the violations of Plaintiff's Fourth Amendment rights, as alleged herein.

11

46.

12  Plaintiff Myers's claims damages for the injuries set forth above under 42 U.S.C. § 1983

13  against defendant City of Lynnwood for violation of his constitutional rights under color of law

14  in an amount to be proven at trial.

15

16

47.

17

**JURY DEMAND**

18  The Plaintiff respectfully requests trial by jury.

19

20

**RELIEF REQUESTED**

21  WHEREFORE, the Plaintiff prays for judgment in an amount to be established at trial,

22  including:

23  a. Economic damages to Plaintiff against the Defendants jointly and severally;

24  b. Non-economic damages to Plaintiff against the Defendants jointly and severally;

25

COMPLAINT - Page 13

26

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
T. (206) 574-0202
F. (206) 574-0101

1    c. Reasonable attorney's fees and costs to the Plaintiff under 42 U.S.C. § 1988;

2    d. Costs of this action to the Plaintiff under RCW 4.84 other applicable state and federal

3    statutes and rules;

4    e. Punitive damages; and

5    f. Such other relief as this court may deem equitable.

6

7    DATED this 16th day of July 2018.

8                                    KANNIN LAW FIRM P.S.

9

10

11   _____

12                                    John Kannin, WSBA #27315
                                     Attorney for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26   COMPLAINT - Page 14